439 A.2d 1245

**COMMONWEALTH of Pennsylvania**

v.

**Robert C. ANDERSON, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1981.

Filed Jan. 14, 1982.

---

369

Howard T. Gilfillan, Pittsburgh, for appellant.

Stella L. Smetanka, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

SHERTZ, Judge:

Appellant, Robert C. Anderson, upon summary conviction under the Motor Vehicle Code for operating a vehicle with excessive axle weight, was sentenced to pay $710 by a district justice.[1]  Following a hearing *de novo* before the Court of Common Pleas of Allegheny County, Appellant was again found guilty.  In this appeal from the judgment of

[1.] Pursuant to 75 Pa.Cons.Stat.Ann. § 4945(b) (Purdon 1977).

sentence,[2] he asserts three grounds for reversal: (1) the trial court erred in holding him strictly liable for violation of the Code; (2) the Commonwealth failed to sustain its burden of proof; and (3) the police lacked reasonable belief, or probable cause to believe, a violation of the motor vehicle code had occurred. We find no merit to any of these assertions and we therefore affirm the trial court's judgment of sentence.

■ The facts of the case may be briefly summarized. Appellant, while driving a tri-axle vehicle, was stopped by a state trooper working in conjunction with two weight enforcement agents of the Department of Transportation. The state trooper testified at trial that the vehicle driven by Appellant "was loaded with coal and the tires being squashed out and heaped up in the bed of the truck was coal and it was this officer's opinion that he was in violation of excessive weights." N.T. at 6.

■ At the time of the stop Appellant had a weighmaster's slip showing a gross weight of 73,260 lbs. or 20 pounds under the statutory maximum.[3] However, when weighed by one of the Department of Transportation enforcement agents, the truck registered at 75,000 lbs. gross weight and the third axle registered more than 22,600 lbs. Appellant was issued a citation for exceeding the 18,000 lb. permissible maximum axle weight.[4]

2. Although Appellant filed no post-trial motions, the record reveals that the lower court did not comply with Rule 1123(c), Pa.R.Crim.P. "It is because of the misconception regarding the applicability of Rule 1123 to the summary proceedings by both appellant and the lower court that we must decline to find a knowing and intelligent waiver by appellant in the instant case for his failure to file post trial motions." *Commonwealth v. Koch*, 288 Pa.Super.Ct. 290, 296–97, 431 A.2d 1052, 1056 (1981). While the usual remedy in such instances has been to remand for filing of post-trial motions, this Court can reach the merits where the nature of the offense, the facts and circumstances of the case, and judicial economy so permit. *Id.*, 288 Pa.Super. at 296–97, 431 A.2d 1056.

3. See 75 Pa.Cons.Stat.Ann. § 4941 (Purdon 1977).

4. See 75 Pa.Cons.Stat.Ann. § 4943(a) (Purdon 1977).

Appellant's argument on appeal duplicates that of the appellant in *Commonwealth v. Hennemuth*,[5] 294 Pa.Super. 360, 439 A.2d 1241 (1982). For the reasons therein set forth, we affirm the judgment of sentence.

DiSALLE, J., concurs in the result.

Decision was rendered prior to DiSALLE and SHERTZ, JJ., leaving the bench of the Superior Court of Pennsylvania.

**5.** Appellant, driving his own truck, was stopped and cited at the same time as the Appellant in *Hennemuth*. The cases were tried together before the Court of Common Pleas but were not consolidated for appeal. Appellant and Hennemuth were represented by the same attorney who filed identical briefs in these appeals.